## Bellamy *vs.* Ragsdale.

Case 36.

ERROR TO THE LOGAN CIRCUIT.

1. In a case of parol contract for land, if it be agreed by parol that the vendee is to forfeit the contract, and give up the land in case he fail to pay punctually, yet, if after the day of payment has elapsed the vendor insist on payment, and offer compliance and claim no forfeiture but suffer vendee¡ to improve the land, it will be inferred that the forfeiture is waived, and though vendor may have the privilege of fulfilling the parol contract by conveying, yet, if he refuse to convey, equity will require that he pay for the improvements.

2. In case of refusal of vendor, by parol, of land, to fulfill his contract, he should be allowed interest on the price agreed upon for the land, and for waste done, and required to pay for improvements, and so the account settled.

January 23.

Judge MARSHALL delivered the opinion of the court.

Case stated.

The statement of the defendant, Ragsdale, is, that by the parol contract of sale to Bellamy it was stipulated, that if the purchase money, $35, should not be paid with its interest by a named day, about two years ahead, the sale should be void, and the vendor should have the right to enter upon the two acres, sold and take it and the improvements which Bellamy might make upon it, without paying for them. Considering that the lot was in woods; that it was adjacent to a village, and was bought for the very purpose of improving and fitting it for habitation, such a contract would be one of some rigor. This consideration, together with the fact that the vendee proceeded immediately to clear the lot and to put improvements upon it, at the cost of several hundred dollars, while it certainly would make the rigid inforcement of such a contract a case of hardship, tends also, in some degree, to render its existence improbable. And the single witness by whom it is proved, although not absolutely discredited, is not beyond suspicion.

But assuming that such was the contract, it was merely in parol, and consequently its terms might be changed by parol, and the forfeiture which it imports might be waived by words and acts without writing.

1. In a case of parol contract for land, if it be agreed

In a case like this a waiver would be inferred from slight circumstances; and if, as seems probable, the vendor allowed the vendee to go on and make improvements, without warning, after the time for payment had elapsed, and a right to the forfeiture had accrued, he would be without pretext for subsequently insisting on this condition of the contract, and would be regarded as having conclusively waived it. That Ragsdale did not claim the forfeiture, nor give any warning to Bellamy of his intention to do so, until after the latter had brought this suit for a completion of the purchase, is not pretended; and, although it is not certain, it is probable that some of the improvements were made on the lot after the time allowed for payment had elapsed; and, even if this be not so, it is clear, from Ragsdale's own answer, as well as from the proof of witnesses, that he had, from time to time, instead of insisting upon the forfeiture that had accrued, insist upon a completion of the sale, demanded payment of the original price with its interest, offer to convey the lot upon receiving such payment, and acquiesced in the promises of Bellamy to make payment in a short time. The breach of which promises were still followed by new demands of payment, and new offers to complete the sale according to the original terms, except as to time, and without any reference to the forfeiture. The agreement to execute the contract on the one side is a sufficient consideration for the like agreement on the other, and no additional consideration can be necessary for giving up the forfeiture.

Under these circumstances we are of opinion, that the forfeiture is gone; that the original agreement as to time of payment, and the consequences of failure is changed and superceded by subsequent agreement; and that the case stands simply upon a parol contract of sale, unexecuted by either party, except as to the possession, and which, upon the bill of the vendee tendering payment and praying for a specific execution, or a rescission upon equitable terms, the

by parol that the vendee is to forfeit the contract, and give up the land in case he fail to pay punctually, yet, if after the day of payment has elapsed the vendor insist on payment, and offer compliance and claim no forfeiture, but suffer vendee to improve the land, it will be inferred that the forfeiture is waived, and though vendor may have the privilege of fulfilling the parol contract by conveying, yet, if he refuse to convey, equity will require that he pay for the improvements.

BELLAMY
*vs.*
RAGSDALE.

2. In case of refusal of vendor, by parol, of lands, to fulfill his contract, he should be allowed interest on the price agreed upon for the lands, and for waste done, and required to pay for improvements, and so the account settled.

vendor must either execute, by conveying the land according to contract, upon receiving payment of the purchase money with interest, or he must repudiate, and submit to the usual terms of rescission, as applicable to parol sales of land.

There is nothing to take this case out of the common principle that as in the view of the parties the use of the land must have been regarded as equivalent to the use of the money to be given for it; the interest upon the agreed price from the time of the purchase is the criterion for the rent to be charged against the vendee. In case of rescission, therefore, the account between the parties should be made up by charging against Bellamy, the vendee, the interest upon $35 from the date of the purchase, which may be compounded at the time when the principal and interest should have been paid, and also the damages arising from cutting the wood and timber from the land, and any other waste or deterioration committed or suffered by him, and on the other hand, he should be credited or Ragsdale should be charged with the value, at the time of assessment, of such improvements as were made upon the land by Bellamy after his purchase, and for any balance in favor of Bellamy he would have a lien on the land. But it should be at the option of Ragsdale, the vendor, whether he will specifically execute the contract or rescind it upon the terms above stated.

The decree, enforcing the forfeiture against Bellamy, is entirely inconsistent with the principles of this opinion, and for that reason, without noticing other objections, said decree is reversed, and the causes remanded, with directions that Ragsdale be allowed (or ruled if necessary,) to make his election to execute or rescind the parol sale, and for further proceedings and decree thereon not inconsistent with this opinion.

BIBB for plaintiff; HARLAN for defendant.